United States District Court
Southern District of Texas
**ENTERED**
October 30, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN LEE HARMON, <br> (TDCJ-CID #1942217) <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER JOSEPH CROSBY, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-15-3007 |

## MEMORANDUM AND OPINION

Austin Lee Harmon, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, filed this suit in October 2015, alleging an illegal conviction and sentence. Harmon, proceeding *pro se* and *in forma pauperis*, sued Joseph Crosby, SWAT Team officer; Brittanie Holmes, Assistant District Attorney for Jefferson County, Texas; Larry Gist, Senior District Judge of the Jefferson County Drug Impact Court; and Gaylyn Cooper, defense counsel. The threshold issue is whether Harmon's claims may proceed.

Harmon alleges that law-enforcement officials entered his home illegally in September 2012 and charged him with delivery of a controlled substance. He was later charged with possession of a controlled substance. He alleges that Assistant District Attorney Holmes misled the jury, withheld evidence, and engaged in racial profiling at his trial; that Judge Gist improperly punished him for extraneous offenses and improperly stacked his sentences; and that defense counsel Cooper provided ineffective assistance of counsel. Harmon seeks his release from custody.

A district court must dismiss a prisoner's § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint

as frivolous. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

A court must dismiss a civil rights complaint brought under 42 U.S.C. § 1983 when the complaint, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The issue is whether granting Harmon the relief he seeks would necessarily undermine the validity of his 2014 conviction and 15-year sentence for possession of a controlled substance. Harmon alleges that he was illegally convicted and sentenced.

Under *Heck*, Harmon must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged before he can file this § 1983 suit. *Heck*, 512 U.S. at 486-87. Harmon has not alleged that his conviction was reversed, invalidated, or otherwise expunged. Until he receives a ruling declaring his sentence invalid, he cannot pursue this claim for relief. *Id.* at 488-89; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . .").

10/30/15 P:\CASES\prisoner-habeas\2015\15-3007.a02.wpd

2

Harmon's claims challenging his conviction for possession of a controlled substance are "legally frivolous" within §§ 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Harmon's claims are dismissed without prejudice to reassertion if the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

Harmon's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted, this action is dismissed as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i), and any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on October 30, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge